

February 2, 2018

**Via ECF**
Hon. Joseph F. Bianco, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Klein v. Weatherproofing Technologies Inc.*
               Case No. 15 Civ. 4443 (JFB) (ARL)

Dear Judge Bianco:

      Our office, along with co-counsel, represents Plaintiffs, the conditionally certified collective.  Plaintiffs write to respectfully request that the Court tentatively approve the Parties' Settlement Agreement (attached as Exhibit A to the Declaration of Troy L. Kessler), as the settlement was as a result of an arms-length negotiations, and direct the Parties to appear before the Honorable Magistrate Judge Lindsay for a conference to address some outstanding issues.  Defendant Weatherproofing Technologies, Inc. ("WTI") has vigorously denied all of Plaintiffs' claims throughout this litigation, consistently taking the position that WTI paid Plaintiffs for all hours that they reported and that it has no liability for hours that Plaintiffs claim to have worked off-the-clock in violation of WTI's policy prohibiting unreported work.  In WTI's view, Plaintiffs are not owed any further compensation, and the settlement is for the parties' mutual convenience and not in any manner a concession of liability on any theory.

**I.      Background and Settlement**

      On July 2, 2015, Named Plaintiffs John Klein, John Marks, Darrell Lewis, and Chad Laraway filed a complaint on behalf of all current and former roofing technicians ("RTs") of Defendant Weatherproofing Technologies, Inc. ("WTI").  *Id.* ¶ 28; ECF No. 1.  On December 2, 2015, Plaintiffs moved for conditional certification of this case under the FLSA.  *Id.* ¶ 29.  On January 29, 2016, the Court granted Plaintiffs' motion.  *Id.* ¶ 30; ECF No. 28 (Bench Ruling).  Thereafter, notice was issued to the collective and 12 individuals joined this action. *Id.* ¶ 31.

      The Parties then engaged in discovery and Defendants deposed six Plaintiffs – the four Named Plaintiffs and two Opt-in Plaintiffs Jose Gotierre and Mark Quiles.  *Id.* ¶ 32.  In January 2017, the Parties agreed to extend the discovery deadlines and explore settlement.  *Id.* ¶ 33.  Ultimately, the Parties agreed to a mediation with an experienced wage-and-hour mediator, Ruth D. Raisfeld.  *Id.*  After a full-day mediation, the Parties agreed to a settlement in the aggregate amount of $48,750 to settle their claims under the FLSA ("FLSA Settlement").  *Id.* ¶ 34.  The Parties agreed to a separate amount to settle their non-FLSA claims ("Non-FLSA Settlement").  Thereafter, the Parties negotiated over the settlement terms, exchanged additional information and data related to Plaintiffs' claims and Defendant's defenses, and executed the settlement.  *Id.*

Hon. Joseph F. Bianco, U.S.D.J.
Re: *Klein v. Weatherproofing Technologies Inc.*
February 2, 2018
Page 2 of 9

¶ 35-36. WTI has not admitted any wrongdoing and continues to take the position that it paid Plaintiffs lawfully.

During this process, the Parties confirmed that four Opt-In Plaintiffs do not have timely FLSA claims. Two Opt-In Plaintiffs, Anthony LeBlanc and Daniel Toniatti, ceased working for WTI in 2011, entered into settlement agreements with WTI in 2012 and executed general releases that extinguished all claims against WTI, including the claims brought in this case. *Id*. ¶ 36. The FLSA claims of Plaintiffs Paige and Sadowski are barred by the FLSA's three-year statute of limitations, but they have timely NYLL claims.

Since this settlement involves FLSA claims, Plaintiffs respectfully request that Your Honor tentatively approve the FLSA Settlement as fair and reasonable for the reasons set out below in Sections II through V. Plaintiffs also ask that the Court relieve Shulman Kessler LLP as counsel for Opt-In Plaintiff Toniatti, as per Section VI. Finally, as set forth in Section VII, because two Opt-In Plaintiffs, LeBlanc and Zaleta, have not yet signed the FLSA Settlement, Plaintiffs ask for additional time to review the settlement with them and for a conference before Magistrate Judge Lindsay, if necessary.

**II.     The Settlement is Fair and Reasonable**

To dismiss a FLSA case with prejudice the Parties must seek Court approval of the settlement. *See Cheeks v. Freeport Pancake House, Inc.*, 769 F.3d 199, 206 (2d Cir. 2015); *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y 2012) (court must determine if a settlement agreement is fair and reasonable). Where the lawsuit also involves non-FLSA claims the Court need only review the publicly-filed FLSA settlement while allowing "a separate settlement agreement of . . . the [p]laintiff's non-FLSA claims, which [] remain[s] confidential and [does] not require the Court's approval under *Cheeks*." *Abrar v. 7-Eleven, Inc.*, No. 14 Civ. 6315, 2016 WL 1465360, at *1 (E.D.N.Y. Apr. 14, 2016) (Spatt, J.); *see also Ortiz v. Breadroll, LLC*, No. 16 Civ. 7998, 2017 WL 2079787, at *2 (S.D.N.Y. May 15, 2017) ("The parties may proceed with a bifurcated settlement and submit an FLSA settlement agreement to the Court (with a joint motion for approval), publicly filed, and settle the counterclaims in a separate, confidential agreement that would not require judicial review."); *Lopez v. Ploy Dee, Inc*., No. 15 Civ. 647, 2016 WL 3637103, at *2 (S.D.N.Y. June 29, 2016) ("As a general rule, the Court will not scrutinize the settlement of a non-FLSA claim that happens to be settled in the same agreement as a FLSA claim." (citations and internal quotations omitted)).

Courts consider the totality of the circumstances to make this determination. *Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14 Civ. 2824, 2015 WL 6550560, at *2 (E.D.N.Y. Oct. 28, 2015). The factors to be considered, include: "(1) the plaintiffs['] range of possible recovery;

Hon. Joseph F. Bianco, U.S.D.J.
Re: *Klein v. Weatherproofing Technologies Inc.*
February 2, 2018
Page 3 of 9

(2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; (5) the possibility of fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335.  Additionally, the Court should be mindful of the "admonitions" set forth in *Cheeks*.  *Gonzales*, 2015 WL 6550560, at *1 (including restrictive confidentiality provisions, an overbroad release, and an undocumented application for attorneys' fees).

Since the proposed settlement reflects a reasonable compromise over contested issues, this Court should tentatively approve the settlement.  *See Hernandez v. Merrill Lynch & Co.*, No. 11 Civ. 8472, 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013).

### A. This Settlement Satisfies the *Wolinsky* Factors.

First, Plaintiffs' recovery is fair and reasonable given the range of possible recovery and the assumptions used in calculating Plaintiffs' damages.  Plaintiffs' counsel approximated the number of unpaid hours worked based on Plaintiffs' deposition testimony, interrogatory responses, and conversations with Plaintiffs.  *See id.* ¶¶ 32, 35-36, 42-44.  By Plaintiffs' counsel's estimation, the FLSA Settlement represents approximately 54% of the FLSA claim's potential value, exclusive of liquidated damages.  *See id.* ¶ 46.

Second, Defendant is willing to enter this settlement and forego continued litigation over significant disputed issues of law and fact in order to avoid further costs of litigation.  On the other hand, Plaintiffs are willing to resolve their claims for less than they might receive at trial because they will receive a guaranteed payment, and avoid the uncertainty of a summary judgment motion and trial.  *See id.* ¶¶ 48-49.

Third, this settlement resolves contested issues and is significant given the risks of continued litigation.  *See id*. ¶¶ 45, 47-48.  The settlement covers Plaintiffs' alleged claims and a reasonable amount in attorneys' fees, and is fair given the factual disputes that exist regarding (1) the number of hours each Plaintiff worked, (2) the number of weeks in which each Plaintiff worked overtime hours, (3) the number of overtime hours paid and unpaid, (4) whether Defendant knew or should have known that Plaintiffs' were working off the clock, and (5) whether Plaintiffs' off-the-clock work was either de minimis or constituted preliminary or post-liminary activities that were non-compensable.  *See* Kessler Aff.  ¶¶ 44-47; *see also Desilva v. N. Shore-Long Island Jewish Health System, Inc.*, 27 F. Supp. 3d 313, 325 (E.D.N.Y. 2014) (decertifying off-the-clock collective action where, inter alia, "plaintiffs will have to demonstrate that each individual manager had actual or constructive knowledge that plaintiffs were performing off-the-clock work without proper compensation" (citation and internal quotations omitted)).  Plaintiffs acknowledge that there are risks in continuing to litigate this matter,

Hon. Joseph F. Bianco, U.S.D.J.
Re: *Klein v. Weatherproofing Technologies Inc.*
February 2, 2018
Page 4 of 9

including the risk of an adverse finding, the substantial delay of payment pending litigation, and the delay of a potential appeal.  *See id.* ¶¶ 49-50; *see Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 620 (S.D.N.Y. 2012) ("[T]he fact-intensive nature of Plaintiffs' off-the-clock claim presents risk.").  Moreover, Plaintiffs and their coworkers experienced disparities in the amounts and types of off-the-clock work performed, which could have resulted in decertification of the collective – eliminating the efficient prosecution of their claims and driving up the costs and risks Plaintiffs faced.  *See id.* ¶ 45; *see also Zivali v. AT & T Mobility, LLC*, 784 F. Supp. 2d 456, 469 (S.D.N.Y. 2011) (decertifying off-the-clock collective action).

Lastly, approval of this settlement is supported under the fourth and fifth factors. Specifically, the proposed settlement is also fair and reasonable because Plaintiffs were represented by competent and experienced counsel throughout the pre-suit, litigation, and settlement process.  *See id.* ¶¶ 4-27.  And, the Parties negotiated the settlement before an experienced mediator, raising the presumption that the settlement was procedurally fair.  *Id.* ¶¶ 33-35; *Hall v. ProSource Techs., LLC*, No. 14 Civ. 2502, 2016 WL 1555128, at *5 (E.D.N.Y. Apr. 11, 2016) ("The involvement of Ruth D. Raisfeld, Esq., an experienced and well-known employment and class action mediator, is also a strong indicator of procedural fairness." (quoting *Morris*, 859 F. Supp. 2d at 618)).

For these reasons, this settlement is a fair and reasonable compromise that should be tentatively approved.

### B. This Settlement Does Not Run Afoul of the *Cheeks* Admonitions.

The FLSA Settlement is consistent with the *Cheeks* admonitions related to confidentiality and the breadth of the release.  *Gonzales*, 2015 WL 6550560, at *1 (including restrictive confidentiality provisions, an overbroad release, and an undocumented application for attorneys' fees).  The FLSA Settlement does not contain a confidentiality provision and has a release that is limited to the FLSA claims raised in this action.  *See* Ex. A (Agreement) ¶ 2.

### III. Plaintiffs' Request for Attorneys' Fees and Costs Is Reasonable.

Plaintiffs' counsel's fees are one-third of the settlement amount, which is reasonable, considering the time Plaintiffs' counsel spent investigating, litigating, and settling this case, and will spend administering the settlement.  Kessler Decl. ¶¶ 28-38, 62.  Plaintiffs' counsel will also be reimbursed for $1,870.31 in costs actually incurred by Plaintiffs' counsel in litigating this action to date.   *Id*. ¶ 56; Ex. D.[1]

---

[1] "Costs relating to filing fees, process servers, postage, and photocopying are ordinarily recoverable." *Wang v. Masago Neo Asian Inc.*, No. 14 Civ. 6249, 2016 WL 7177514, at *4

In wage and hour lawsuits, the "percentage-of-recovery method is consistent with the trend in this Circuit." *See Hernandez v. Immortal Rise, Inc.*, 306 F.R.D. 91, 102 (E.D.N.Y. 2015) (citations omitted). Plaintiffs' counsel's request for a contingency fee of one-third of the settlement is consistent with the norms in this district. *See Wu v. Maxphoto NY Corp.*, 15 Civ. 3050, 2016 WL 7131937, at *3 (E.D.N.Y. Nov. 15, 2016) (Lindsay, Mag.) (in approving attorney's fees equal to 40% of the settlement, the Court noted that attorney's fees equal to one-third of the gross settlement are "reasonable and consistent") (citations omitted); *Wang*, 2016 WL 7177514, at *4 (same).

The practice in the Second Circuit has been to apply the percentage method and loosely use the lodestar method as a "baseline" or as a "cross check." *Wu*, 2016 WL 7131937, at *3 ("'Where the lodestar method is used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court.'" (alterations incorporated) (quoting *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *13 (S.D.N.Y. April 16, 2012)). As part of the cross check, the lodestar is determined by multiplying the hours reasonably expended on the case by a reasonable hourly rate. *Id.*

Here, Plaintiffs' counsel requests a fee that is less than their lodestar amount. Kessler Decl. ¶¶ 52, 55; Ex. B (Summary). Plaintiffs' counsel's lodestar is a reasonable estimate of the fees accrued to date because Plaintiffs' counsel compiled it from contemporaneous time records and used billing judgment to account for overstaffing and duplicative work. *See* Kessler Decl. ¶¶ 53-54. As such, Plaintiffs' request should be approved. *See, e.g.*, *Yang v. Sunshine ISA, Inc.*, No. 15 Civ. 5031, 2016 WL 6746763, at *3 (E.D.N.Y. Nov. 14, 2016) (granting attorney's fees of one-third where counsel's records demonstrated the fees sought were less than the lodestar); *Plizga v. Little Poland Rest. Inc.*, No. 15 Civ. 8820, 2016 WL 9307474, at *5 (S.D.N.Y. July 18, 2016) (same). Moreover, Plaintiffs' counsel's lodestar excludes the hours of work performed by co-counsel, which would further drive down the percentage of fees sought as compared to the lodestar.

The Court should also consider if the attorneys' fees are reasonable based on: (1) time and labor expended by counsel; (3) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. *Goldberg*, 209 F.3d at 50. Based on Plaintiffs' counsel's contemporaneous records documenting the time and labor spent on reaching this settlement, the risks involved in litigating this matter, the quality of Plaintiffs' counsel's

---

(E.D.N.Y. Sept. 26, 2016) (Lindsay, Mag.) (citation and internal quotation marks omitted) (awarding $2,500 in litigation costs in addition attorneys' fees).

Hon. Joseph F. Bianco, U.S.D.J.
Re: *Klein v. Weatherproofing Technologies Inc.*
February 2, 2018
Page 6 of 9

representation, and the public policy considerations, Plaintiffs respectfully requests that the Court approve Plaintiffs' counsel's requested attorneys' fees. *See supra* § I(A); *see also Chavarria v. New York Airport Serv.*, LLC, 875 F. Supp. 2d 164, 178 (E.D.N.Y. 2012) ("Adequately compensating attorneys who protect wage and hour rights will serve the remedial purposes of the FLSA and [NYLL].").

### IV.  Plaintiffs' Requests for Service Awards are Reasonable.

Plaintiffs request service awards for Named Plaintiffs and Opt-In Plaintiffs Gotierre and Quiles totaling $1,750, which represents a mere 4% of the FLSA Settlement amount. Kessler Decl. ¶¶ 63, 69. This request is reasonable given the contributions that these Plaintiffs made to the prosecution and resolution of the lawsuit. *Id*. ¶¶ 63-68.

Courts acknowledge that plaintiffs play a crucial role in bringing justice to those who would otherwise be hidden from judicial scrutiny. *See, e.g.*, *Velez v. Majik Cleaning Serv., Inc.*, No. 03 Civ. 8698, 2007 WL 7232783, at *7 (S.D.N.Y. June 25, 2007) ("[I]n employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers." (internal quotation marks omitted)). As a result, courts in this district routinely award service awards to representative plaintiffs in unpaid wage settlements. *See, e.g.*, *Flores v. Mamma Lombardi's of Holbrook, Inc.,* 104 F. Supp. 3d 290, 316 (E.D.N.Y. 2015) (citing *Massiah v. MetroPlus Health Plan, Inc.*, No. 11 Civ. 5669, 2012 WL 5874655, at *8 (E.D.N.Y. Nov. 20, 2012) (collecting cases)); *Sierra v. Spring Scaffolding LLC*, No. 12 Civ. 05160, 2015 WL 10912856, at *7 (E.D.N.Y. Sept. 30, 2015) (collecting cases). "In FLSA collective actions, just as in Rule 23 class actions, service awards are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff." *Diaz v. Scores Holding Co., Inc.*, No. 07 Civ. 8718, 2011 WL 6399468, at *3 (S.D.N.Y. July 11, 2011); *see, e.g.*, *Ravenell v. Avis Budget Group, Inc.*, No. 08 Civ. 2113, 2016 WL 6459589, at *2 (E.D.N.Y. Mar. 14, 2016), *adopted by*, WL 1718231 (E.D.N.Y. Apr. 28, 2016) ("Although the cases are few, service awards to plaintiffs in FLSA collective actions have been approved.") (citing *Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 877 (7th Cir. 2012)).

In examining the reasonableness of service awards, courts consider: (1) the personal risk incurred by the plaintiff; (2) the time and effort expended by the plaintiff in assisting the prosecution of the litigation or in bringing added value; and (3) the ultimate recovery in vindicating statutory rights. *Frank v. Eastman Kodak Co.,* 228 F.R.D. 174, 187 (W.D.N.Y.

Hon. Joseph F. Bianco, U.S.D.J.
Re: *Klein v. Weatherproofing Technologies Inc.*
February 2, 2018
Page 7 of 9

2005) (recognizing that service awards are "particularly appropriate in the employment context" given the risk of retaliation by a current or former employer).

Here, these Plaintiffs faced significant risk and expended significant amounts of time prosecuting the case to the benefit of the other collective members. Kessler Decl. ¶¶ 63-69. In particular, the Named Plaintiffs' placed their name on the caption, risking retaliation or blacklisting. *See* Ex. E (Hr'g Tr.) at 8, *Puglisi v. TD Bank*, No. 13 Civ. 637 (E.D.N.Y. July 30, 2015)) ("I will note that given the rise of the information technology age that we're in [being a named plaintiff] is not without risk . . . it's something that stays with you forever."). Thereafter, each of these Plaintiffs engaged in discovery and were deposed. Kessler Decl. ¶¶ 65-66. Named Plaintiffs Klein and Lewis also traveled to New York City for an all-day mediation and engaged directly with the with the mediator, Ms. Raisfeld, on behalf of the collective. *Id.* ¶ 67. As a result of these Plaintiffs' efforts, the collective members are receiving a significant recovery under the FLSA, supporting this request for the modest service awards that represent just 4% of the total FLSA Settlement amount. *Id.* ¶ 63; *see, e.g.*, *Hyun v. Ippudo USA Holdings*, No. 14 Civ. 8706, 2016 WL 1222347, at *2 (S.D.N.Y. Mar. 24, 2016) (in FLSA collective action, awarding service awards totaling 5% of the settlement fund); *Frank*, 228 F.R.D. at 187 (approving payment of approximately 8.4% of the settlement).

WTI, for its part, does not oppose the service awards, but would like to make clear to the Court that it would never retaliate against any Plaintiffs.

**V.     All Plaintiffs Will Receive a Payment for Release of the FLSA Claims Filed in This Case, Including LeBlanc, Paige, Sadowski, and Toniatti**

Each Plaintiff will receive a $100 payment in exchange for a release of the FLSA claims that Plaintiffs brought in this case. Each Plaintiff will be included in the FLSA settlement agreement and stipulation of dismissal. This includes the four Plaintiffs subject to unique defenses, as described below.

In 2012, Plaintiffs LeBlanc and Toniatti, entered into settlement agreements with WTI and executed general releases that extinguished all claims against WTI, including the claims brought in this case. *See* Kessler Aff. ¶¶ 36. Both ceased worked for WTI in November 2011. *Id.* Thus, their NYLL claims have been released and their FLSA claims are both time barred and released.

Plaintiff Sadowski ceased working for WTI in April 2011 and Plaintiff Paige did so in March 2012. *Id.* Thus, their FLSA claims fall short of FLSA's three-year statute of limitations. *Id.* Plaintiffs Paige and Sadowski, however, have timely NYLL claims.

Hon. Joseph F. Bianco, U.S.D.J.
Re: *Klein v. Weatherproofing Technologies Inc.*
February 2, 2018
Page 8 of 9

   In order to obtain full resolution of this matter, WTI has agreed to pay each Plaintiff, including the four discussed in this section, $100 to fully resolve the FLSA claims brought in this case. *See id*. ¶ 39. All of the claims of each of these Plaintiffs will be dismissed with prejudice if this agreement is approved.

### VI. Plaintiffs' Counsel Should Be Relieved as Opt-Plaintiff Toniatti's Attorneys

   The Rules of Professional Conduct provide that an attorney may withdraw representation if, inter alia, either (a) "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively" or (b) "the lawyer believes in good faith, in a matter pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal[.]" R. Prof. Conduct §§ 1.16(c)(7), (12). Local Rule 1.4 allows the court to grant such a request to withdraw "upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties." Local R. 1.4.

   Plaintiffs' counsel should be relieved from representing Mr. Toniatti for the reasons set forth in the Mr. Kaske's *in camera* declaration. *See In Camera* Kaske Decl. ¶¶ 6-17. Further, as explained above, Mr. Toniatti had already resolved and released his claims against WTI when he filed his consent to join in this action. *See* Kessler Decl. ¶¶ 35-36.

   Mr. Toniatti's FLSA check will be mailed to his last known address. WTI will preserve the FLSA settlement payment amount in escrow. If Mr. Toniatti does not cash his settlement check within 20 business day, the amount will be returned to WTI. *Id*. ¶

### VII. Plaintiffs Request Additional Time and Court Conference to Address the Non-Signing Opt-In Plaintiffs.

   In accordance with Magistrate Judge Lindsay's Order, dated January 22, 2018, Plaintiffs ask for a conference before Magistrate Judge Lindsay to discuss the Opt-In Plaintiffs – LeBlanc and Zaleta – who have not yet signed the settlement agreement. Plaintiffs' Counsel respectfully requests that this conference be schedule no sooner than 14 days from today, so that Plaintiffs have some additional time to review the settlement with these three Plaintiffs and confer with Defendant, should there be any reason why these Plaintiffs not execute the settlement. Defendant has consented to this request but, of course, has not committed to proceeding with the settlement should any of these Plaintiffs fail to sign.

Hon. Joseph F. Bianco, U.S.D.J.
Re: *Klein v. Weatherproofing Technologies Inc.*
February 2, 2018
Page 9 of 9

*     *     *     *

  Accordingly, Plaintiffs respectfully request that Your Honor tentatively approve the settlement, so order Plaintiffs' [Proposed] Order Relieving Shulman Kessler LLP as Counsel for Opt-In Plaintiff Daniel Toniatti, submitted as Exhibit F, and require the Parties to appear before Magistrate Judge Lindsay for a conference, should the remaining Plaintiffs not execute and submit the fully-executed settlement to the Court in the next 14 days.

  Thank you for your consideration of this matter.

                Respectfully submitted,

                s/ *Troy L. Kessler*
                Troy L. Kessler

cc: Counsel for All Parties (via ECF)